**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

August 10, 2005

**LETTER OPINION**

**VIA REGULAR MAIL**

Tosin Adegbuji
438 Martin Glen Court
Lawrenceville, GA 30045
    (Pro se *Plaintiff*)

Peter G. O'Malley, Esq.
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
    (*Attorney for Defendant*)

      Re:    **Adegbuji v. United States of America**
             **Docket No.: 04-2619 (WJM)**

Dear Litigants:

      This matter comes before the Court on Defendant's motion to dismiss what remains of *pro se* Plaintiff Tosin Adegbuji's ("Adegbuji") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, the motion is **GRANTED.** Accordingly, the remaining claims in the Complaint (Counts One and Two) are **DISMISSED**.

**BACKGROUND**

      This action, before the Court on allegations of federal question jurisdiction under the Federal Tort Claims Act ("FTCA"), was commenced on or about June 4, 2004 by Adegbuji, a Nigerian citizen removed from United States in February 2005, against the United States of America (referred to herein as the "Government"). Adegbuji seeks an unspecified amount in damages. (*See* Compl. at p.8.) By Order dated March 3, 2005, this Court dismissed all but

Counts One and Two (assault and battery / excessive force) of the Complaint.[1]  Counts One and Two, which the Government now moves to dismiss for lack of subject matter jurisdiction, are alleged to arise out of a May 1, 2002 strip search and cavity inspection of Adegbuji and his subsequent forced removal from the country in July 15, 2002.  (*See* Compl. ¶¶ 10–12, 15.) Because adjudication of this motion turns not on the merits of Adegbuji's claims but on the propriety of his presentment of these claims to a federal agency, the following background discussion is limited to facts relevant to Adegbuji's presentation of his claims.[2]

Adegbuji alleges that he filed an "administrative settlement" claim with the Department of Homeland Security "[o]n or between May and July 2002" for "assault and battery" as a result of the May 1 and July 15 incidents and that the his claims were denied on December 10, 2003. (*See id.* ¶ 19.)  Although his Complaint does not attach a copy of his claim form (called an "SF-95 form"), the Government has included Adegbuji's SF-95 with its moving papers.  (*See* Decl. of Peter G. O'Malley, Ex. B.)  Adegbuji's SF-95 form indicates that Adegbuji in fact filed the form in February 2003 and, more importantly, did not make any claim for assault and battery.   (*See id.*)  Rather, Adegbuji complained only of: (1) having suffered "abuse of process" in connection with his July 15, 2002 deportation as a result of a federal employee allegedly falsifying certain documents; and (2) having been falsely imprisoned in connection with his deportation proceedings.  (*See id.*)  Indeed, there is no mention of any strip search and cavity inspection or of any use of force in connection with his deportation—the conduct that Adegbuji now alleges in support of Counts One and Two.

Adegbuji, however, makes the unsupported assertion in his opposition brief that he in fact filed another SF-95 alleging assault and battery as well as excessive force and that the Government is withholding this other form.  (*See* Plaintiff's Opposition to Defendant's Motion to Dismiss at 1.)  Although he does not specify when he allegedly filed this other administrative claim, the Court presumes that Adegbuji refers to the administrative claim which the Complaint alleges he filed "[o]n or between May and July 2002."  (*See* Compl. ¶ 19.)  Adegbuji's unsupported assertion is contradicted by the affidavit of Scott Whitted, Associate Legal Advisor for the Department of Homeland Security (Immigration and Customs Enforcement), which indicates that the Government has searched its database of administrative tort claims but has found no records of any administrative claims by Adegbuji during this period.  (*See* Decl. of Scott Whitted.)

---

[1] The Court dismissed Count 8 (general negligence) without prejudice.  (*See* Order dated March 2, 2005.)  Adegbuji has not, however, repleaded this Count and, therefore, the Court does not address it here.

[2] The facts drawn from the Complaint and any affidavits submitted in support of or in opposition to the Government's motion.  "In reviewing a factual attack [on the Court's subject matter jurisdiction], the court may consider evidence outside the pleadings."  *Gould Elecs. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

Based on these facts, the Government now moves to dismiss Counts One and Two (assault and battery / excessive force) of the Complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. (*See generally* Brief of Defendant in Support of Its Motion to Dismiss the Complaint.)

## ANALYSIS

### I.  Standard of Review

A challenge to the court's subject matter jurisdiction under Rule 12(b)(1) challenges a plaintiff's right to be heard in federal court.  On a factual attack to the Court's subject matter jurisdiction—such as attack presently before the Court—no presumption of truthfulness attaches to a plaintiff's allegations; conflicting written and oral evidence may be considered and a court may decide for itself the factual issues which determine jurisdiction. *See Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1070–71 (D.N.J. 1995).  In making this jurisdictional determination, the Court is mindful of the fact that the party seeking to invoke federal jurisdiction has the burden of demonstrating its existence.  *Id.* at 1071.  In addition, because Adegbuji brings his claims pursuant to the FTCA, the Court notes that fulfillment of the FTCA's administrative exhaustion requirements (discussed more fully below) is essential to court's exercise of subject matter jurisdiction.  *See Martinez*, 875 F. Supp. at 1074.

### II.  The Motion to Dismiss the Remainder of the Complaint (Counts One and Two) for Lack of Subject Matter Jurisdiction is GRANTED.

The Court agrees that Counts One and Two (assault and battery / excessive force) of the Complaint must be dismissed for lack of subject matter jurisdiction.

Pursuant to the FTCA, the United States has given its consent to be sued in tort only under certain limited circumstances.  Accordingly, the FTCA's waiver of sovereign immunity is conditioned on a plaintiff's exhaustion of available administrative remedies.  That is, before a Plaintiff may commence an action for money damages under the FTCA, he must first present his claim in writing (within two years after its accrual) to the appropriate federal agency, and the claim must have been denied.  *See* 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.2(a)–(b)(1) ("[A] claim shall be deemed to have been presented when [the Federal agency whose activities gave rise to the claim] receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.").  If his claim is denied, a claimant may thereafter commence an action in federal court, provided that he does so "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *See* 28 U.S.C. § 2401(b).

In the instant action, there is no evidence that Adegbuji ever presented any assault and

battery and/or excessive force claims (Counts One and Two of the Complaint) to any federal agency. The only claim form before the Court—the February 2003 SF-95—makes no such claims and does not even make reference to the conduct that Adegbuji now alleges to support Counts One and Two—that is, a strip search and cavity inspection or any use of force in connection with his deportation. Thus, the Court is not satisfied that Adegbuji has satisfied the administrative exhaiustion requirements of the FTCA with respect to Counts One and Two; accordingly, Adegbuji has failed to demonstrate that this Court has subject matter jurisdiction over his claims. *McNeil v. United States*, 508 U.S. 106, 107 (1993) (observing that an action may not be commenced under the FTCA unless the claimant has first exhausted his administrative remedies prior to filing suit).

Although Adegbuji now claims in his opposition papers that he in fact filed another SF-95 alleging assault and battery as well as excessive force and that the Government is withholding this other form, these unsupported assertions (which are not even presented to the Court by way of sworn affidavit) are inadequate in the face of the Government's evidence (that is, sworn affidavits) indicating that the relevant federal agency did not receive any claims from Adegbuji other than the February 2003 SF-95. *Accord Acheamchong v. United States*, No. 99-6133, 2002 WL 32130108, at *2 (E.D. Pa. Oct. 16, 2002) (finding unsupported assertions of filing inadequate in the face of Government affidavits indicating no record of such filing); *Anderson v. United States*, 744 F. Supp. 641, 643, 644 & n. 5 (E.D. Pa. 1990) (government's motion to dismiss granted where plaintiff had no receipt to prove FTCA claim was timely presented to appropriate agency).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss what remains of Adegbuji's Complaint (Counts One and Two) pursuant to Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is **GRANTED**. Accordingly, these Counts are **DISMISSED**.

An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.